UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CHRISTOPHER MCDANIEL, CAMERON MCDANIEL, individually and as Successor in Interest to CHRISTOPHER MCDANIEL, DAMON MCDANIEL, individually, and GUNNER MCDANIEL, individually, by and through his *Guardian Ad Litem*, CATHY LOWELL, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, AARON WARMERDAM, JEFFREY KELLY, and DOES 1-25, INCLUSIVE, <br><br> Defendants. | No.   1:15-cv-01320-JAM-JLT <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) submitted by Defendants County of Kern ("Kern County"), Kern County Sheriff's Department ("KCSD"), Aaron Warmerdam ("Warmerdam"), and Jeffrey Kelly ("Kelly") (collectively "Defendants") (Doc. #10).  Plaintiffs The Estate of Christopher McDaniel ("Estate"), Cameron McDaniel ("Cameron") (individually

1

and as Successor in Interest to Christopher McDaniel), Damon McDaniel ("Damon"), and Gunner McDaniel ("Gunner") (collectively "Plaintiffs") oppose the motion (Doc. #14).  For the reasons stated below, the Court grants in part and denies in part Defendants' motion to dismiss.[1]

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs allege that on March 26, 2014, in Bakersfield, California, KCSD officers Warmerdam and Kelly pursued and fatally shot Christopher McDaniel ("Christopher").  First Amended Complaint ("FAC") ¶¶ 12-15.  The parties agree that any claims related to Christopher's death were required to be presented to Kern County by September 24, 2014.  Cal. Gov. Code § 911.2; Opp., Exh. B, at 1; September 4, 2015 Request for Judicial Notice ("RJN 1"), Exh. 4, at 1 (Doc. #11).  Christopher's sister, Jennifer Dials ("Dials"), submitted a claim on behalf of herself on September 22, 2014.  Opp., Exh. A.  Plaintiffs did not file a claim by the deadline imposed by the Government Claims Act.  RJN 1, Exh. 4.  Instead, on February 18, 2015, Estate, Cameron, and Damon filed with the Kern County Board of Supervisors an "Application for Permission to Present Late Claim."  Id.  The application was rejected on February 24, 2015.  Opp., Exh. C.  On April 22, 2015, Plaintiffs filed in Kern County Superior Court a petition for relief from Government Code section 945.4.  RJN 1, Exh. 2.  This petition was rejected on September 17, 2015.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 21, 2015.

(October 14, 2015 Request for Judicial Notice ("RJN 2"), Exh. A (Doc #16)).

Estate, Cameron, and Damon filed a separate lawsuit against Defendants in Kern County Superior Court on March 20, 2015. Removal, Exh. A (Doc. #1). On July 28, 2015, Plaintiffs filed an amended complaint to add Gunner, by and through his *Guardian Ad Litem*, Cathy Lowell. Id. Cameron, Damon, and Gunner are surviving sons of Christopher. FAC ¶¶ 1-3. Gunner is a minor. FAC ¶ 3.

Plaintiffs brought seven causes of action in the FAC. FAC at 1. The first cause of action was on behalf of all Plaintiffs against all Defendants for wrongful death. FAC at 5. The second cause of action was on behalf of all Plaintiffs against all Defendants for federal civil rights violations pursuant to 42 U.S.C. § 1983. FAC at 7. The third cause of action was on behalf of all Plaintiffs against all Defendants for negligent hiring, training, and supervision. FAC at 12. The fourth, fifth, sixth, and seventh causes of action were brought as survival actions by Estate on behalf of Christopher against all Defendants for, respectively, assault, battery, intentional infliction of emotional distress, and violations of the California Bane Act, Civil Code section 52.1.[2] FAC at 13, 15, 16, 18.

Defendants removed the case to federal court (Doc. #1), and filed this motion to dismiss the state law causes of action for

---

[2] As pointed out in Defendants' motion, Plaintiffs misidentified the seventh cause of action in the FAC as an "Unruh Act Violation." Plaintiffs clarified that this cause of action is in fact brought pursuant to the Bane Act. Opp. at 10.

3

failure to state a claim upon which relief can be granted (Doc. #10).  Plaintiffs oppose the motion (Doc. #14).

The Court has original jurisdiction over the 42 U.S.C. § 1983 claim and supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a).

## II.   OPINION

### A.   Request for Judicial Notice

Defendants ask the Court to take judicial notice of the following five facts pursuant to Federal Rule of Evidence ("FRE") 201: (1) Plaintiffs filed an amended complaint in Kern County Superior Court (RJN 1, Exh. 1); (2) Plaintiffs filed a Petition for Relief from Government Code section 945.4 in Kern County Superior Court, which held a hearing on the matter on July 22, 2015 (RJN 1, Exh. 2); (3) Dials submitted a declaration in support of Cameron and Damon's petition for relief from Government Code section 945.4 in which she stated that she filed a claim with Kern County on September 22, 2014, but did not include the names of Cameron or Damon (RJN 1, Exh. 3); (4) Plaintiffs' attorney Nichelle D. Jones stated in a declaration that a separate claim on behalf of Cameron and Damon was not submitted to Kern County (RJN 1, Exh. 4); and (5) the Kern County Superior Court rejected Cameron and Damon's petition for relief on September 17, 2015 (RJN 2, Exh. A).

In addition to the facts submitted by Defendants for judicial notice, Plaintiffs attached the following documents to their opposition: (1) Dials' September 22, 2014 Claim Against the County of Kern (Opp., Exh. A); (2) Estate, Cameron, and

1  Damon's Application for Permission to Present Late Claim
2  pursuant to Government Code section 911.4 (Opp., Exh. B); and
3  (3) Kern County's notice of denial of Estate, Cameron, and
4  Damon's Application for Permission to Present Late Claim (Opp.,
5  Exh. C).
6     A court may take judicial notice of a fact that is not
7  reasonably disputed if it "can be accurately and readily
8  determined from sources whose accuracy cannot reasonably be
9  questioned."  Fed. R. Evid. 201(b)(2).  On a motion to dismiss,
10 courts are allowed to consider "matters of public record."
11 Northstar Fin. Advisors Inc. v. Schwab Investments, 779 F.3d
12 1036, 1042 (9th Cir. 2015) (quoting Coto Settlement v.
13 Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010)).
14    The five facts submitted for judicial notice by Defendants
15 and the three documents attached by Plaintiffs to their
16 opposition are public records and are not subject to reasonable
17 dispute.  Indeed, neither party objected to the Court taking
18 judicial notice of the opposing party's exhibits.  Previous
19 courts, including this one, have allowed records submitted in
20 accordance with a Government Claims Act to be judicially
21 noticed.  See, e.g., Avila v. California, No. 1:15-cv-00996-JAM-
22 GSA, 2015 WL 6003289, at *1 (E.D. Cal. Oct. 14, 2015).  As such,
23 the Court will take judicial notice of the five facts formally
24 submitted for judicial notice by Defendants, as well as the
25 three attachments to Plaintiffs' opposition.
26    B.   Analysis
27         1.   California Government Code Section 945.4
28    Defendants first move to dismiss all of the state law

1  causes of action for wrongful death, negligence, assault,
2  battery, intentional infliction of emotional distress, and Bane
3  Act violations, arguing that all Plaintiffs, except Gunner, have
4  failed to abide by the requirements of the Government Claims
5  Act.  Mot. at 2-3.  Specifically, Defendants argue that Estate,
6  Cameron, and Damon failed to properly submit a claim with Kern
7  County prior to initiating this lawsuit, as required by
8  Government Code section 945.4.  Id.  Defendants agree that
9  Gunner is exempt from the requirements of Government Code
10 section 945.4 because he is a minor.  Mot. at 3.

   Plaintiffs make two arguments in response.  First,
Plaintiffs argue that the purpose of the Government Claims Act
is to provide governments with notice of potential litigation
and that Dials' September 22, 2014 Claim Against the County of
Kern provided the required notice.  Opp. at 7-8.  Second,
Plaintiffs claim that the issue of whether Dials' declaration is
sufficient to meet the requirements of Government Code section
945.4 is a factual matter that should not be decided at this
stage of the proceedings.  Opp. at 8.  Defendants reply that the
factual question of whether Plaintiffs met the requirements of
Government Code section 945.4 is now moot and barred by the
legal conclusion that Plaintiffs did not file a timely claim and
failed to receive relief from the filing requirements.

   California law requires that "no suit for money or damages
may be brought against a public entity on a cause of action . . .
until a written claim therefor has been presented to the public
entity and has been acted upon by the board, or has been deemed
to have been rejected by the board."  Cal. Gov't Code § 945.4.

"Failure to timely present a claim . . . to a public entity bars a plaintiff from filing a lawsuit against that entity." City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (2007) (quoting State v. Superior Court (Bodde), 32 Cal.4th 1234, 1239 (2004)). Though the purpose of the Government Claims Act is to provide notice to public entities of potential liability, claims must be submitted regardless of whether or not the public entity is already and independently knowledgeable about the potential lawsuit. Id.; Lewis v. City & Cnty. of San Francisco, 21 Cal.App.3d 339, 341 (1971) ("Mere knowledge by the public body of the accident and of the proposed claim is not sufficient."). Claims must be submitted on behalf of *each* claimant: "a claim by one party with respect to a particular prospective cause against a public entity does not serve to relieve another prospective party from so doing." Roberts v. State of California, 39 Cal.App.3d 844, 848 (1974).

Here, there can be no dispute that Plaintiffs failed to file a claim with Kern County before the end of the required time period. Plaintiffs cannot remedy this failure by attaching their claims to Dials' timely claim. The fact that a public entity already had notice of potential claims does not excuse a plaintiff's failure to submit the required claim. City of Stockton v. Superior Court, 42 Cal.4th at 738 ("It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.").

Several cases have decidedly resolved this issue in favor of the Defendants. Roberts involved an allegation that the State of

1  California negligently maintained a state highway, thereby
2  causing a man's death.  The decedent's employer and workmen's
3  compensation carrier filed a timely wrongful death claim with the
4  State Board of Control, but the decedent's wife and children
5  filed late claims.  Because the wife filed a late claim, she was
6  precluded from pursuing her case in court.  On appeal, she
7  argued, just as plaintiffs do here, that the employer's timely
8  claim provided the State with sufficient notice of her eventual
9  lawsuit.  This argument was rejected by the court, which stated
10 that "a claim by one party with respect to a particular
11 prospective cause against a public entity does not serve to
12 relieve another prospective party from so doing."  Roberts, 39
13 Cal.App.3d at 848.

14      Lewis involved tort claims brought by the surviving family
15 members of a decedent.  Before decedent died, she had filed a
16 claim against the City and County of San Francisco for damages in
17 relation to her bus accident.  But the plaintiffs in Lewis —
18 decedent's surviving husband and daughter — had not filed a
19 timely claim.  In rejecting plaintiffs' argument that decedent's
20 claim "put the city fully upon notice," the court ruled that
21 "[t]he filing of a wrongful death claim by one heir for herself
22 alone . . . does not excuse absence of a claim by another heir."
23 Lewis, 21 Cal.App.3d at 341.  The same holds true for the
24 Plaintiffs in this case.

25      Plaintiffs' secondarily argue that the issue of whether they
26 have complied with the Government Claims Act is a factual issue
27 that cannot be resolved on a motion to dismiss.  The Court
28 disagrees.  As of September 17, 2015, when the Kern County

1  Superior Court rejected Plaintiffs' Petition for Relief from
2  Government Code § 954.4, there is no longer a dispute over
3  whether they have complied with, or may be granted relief from,
4  the Government Claims Act.
5      Thus, the Court grants Defendants' motion to dismiss the
6  state law wrongful death, negligence, assault, battery,
7  intentional infliction of emotional distress, and Bane Act causes
8  of action brought by Estate,[3] Cameron, and Damon. As agreed to
9  by Defendants, Gunner's state law claims remain. Mot. at 3, n.2.
10 Since Gunner's state law claims remain intact, the Court must
11 take up Defendants' remaining arguments for dismissal.

### 2. Wrongful Death

13 Under their wrongful death cause of action, Plaintiffs seek
14 recovery of three types of damages. First, they seek recovery
15 for the "economic and non-economic damages resulting from the
16 loss of the love, comfort, society, attention, services, and
17 support of Decedent." FAC ¶ 27. Second, they seek recovery for
18 their "funeral and burial expenses." FAC ¶ 28. Third,
19 Plaintiffs allege that Defendants' actions caused Plaintiffs to
20 "employ physicians to examine, treat and care for them, and

---

[3] Though Plaintiffs did not raise this issue, the Court notes that Estate's claims cannot survive separately under Dials' September 22, 2014 claim. That claim does not list Estate as a claimant, did not identify Dials as Christopher's personal representative, and did not seek damages recoverable by the estate. Exh. B. Several courts have found that the Government Claims Act requires an estate to be listed in a claim for the Estate to later bring a cause of action in court. See, e.g., Nelson v. Cnty. of Los Angeles, 113 Cal.App.4th 783, 796-97 (2003); Garcia v. Santa Clara Cnty., No. C-02-04360-RMW, 2004 WL 2203560, at *11 (N.D. Cal. Sept. 29, 2004) aff'd, 268 F. App'x 588 (9th Cir. 2008); Mahach-Watkins v. Depee, No. C-05-1143-SI, 2005 WL 1656887, at *4 (N.D. Cal. July 11, 2005).

incurred additional medical expenses for emergency treatment, hospital bills, and other incidental medical expenses." FAC ¶ 29. Defendants essentially ask this court to strike paragraph twenty-nine of the FAC, arguing that "California law specifically does not allow the recovery of medical expenses for a wrongful death claim." Mot. at 4. Plaintiffs oppose dismissal and argue that Defendants' motion relies on inapplicable cases. Opp. at 9.

Wrongful death damages "are measured by the financial benefits the heirs were receiving at the time of death, those reasonably to be expected in the future, and the monetary equivalent of loss of comfort, society and protection." Corder v. Corder, 41 Cal.4th 644, 661 (2007) (quoting Benwell v. Dean, 249 Cal.App.2d 345, 349 (1967)). With respect to loss of comfort damages, "it is only the pecuniary, and not the sentimental, value of such loss which may be taken into consideration." Krouse v. Graham, 19 Cal.3d 59, 69 (1977). Thus, heirs cannot receive damages for their nonpecuniary grief or sorrow. Corder, 41 Cal.4th at 662.

Here, Defendants fail to cite any applicable authority for their claim that "case law does not support the recovery of [Gunner's] medical expenses." Reply at 4 (emphasis in original). Gunner correctly points out that both cases relied upon in Defendants' motion involve situations in which plaintiffs were seeking to recover the *decedent*'s medical expenses, not an heir's medical expenses. Opp. at 9; Pac. Emp. Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co., 143 Cal.App.2d 646, 648 (1956); Gallup v. Sparks-Mundo Eng'g Co., 43 Cal.2d 1, 10-11 (1954).

10

FAC paragraph twenty-nine does not specify how Gunner incurred his personal medical expenses. To the extent that Gunner seeks damages for his grief and sorrow, such recovery is clearly barred by California law. Krouse, 19 Cal.3d at 72 ("damages for mental and emotional distress . . . are not recoverable in a wrongful death action."). But to the extent that Gunner seeks recovery of his pecuniary loss related to the death of Christopher, such damages are recoverable. Corder, 41 Cal.4th at 661 ("[D]amages [are] . . . limited to the pecuniary loss suffered by the person or persons for whose benefit the right of action is given by reason of the death of the victim."). Given that FAC paragraph twenty-nine alleges that Gunner incurred pecuniary expenses in the form of personal medical treatment as a result of Defendants' actions, the Court must deny at this stage of the proceedings Defendants' motion to dismiss Gunner's first cause of action for wrongful death.

3.  Negligent Hiring, Training, and Supervision

Defendants argue that Gunner's third cause of action for negligent hiring, training, and supervision incorrectly seeks damages for Christopher's pain and suffering, which is barred by California law. Mot. at 4-5. In their opposition, Plaintiffs state that they "do not seek to recover pain and suffering on behalf of the decedent for this cause of action." Opp. at 10.

In a survivor action, damages "are limited to the loss or damage that the decedent sustained or incurred before death." Cal. Civ. Proc. Code § 377.34. Damages that are recoverable include the "deceased['s] lost wages, medical expenses, and any other pecuniary losses incurred before death, [including]

11

punitive or exemplary damages." Cnty. of Los Angeles v. Superior Court, 21 Cal.4th 292, 304 (1999). Damages for a decedent's "pain, suffering, or disfigurement," are not recoverable because "[t]he Legislature considered such injuries strictly personal to the decedent." Id. at 307.

Defendants' motion is essentially a motion to strike FAC paragraph fifty, which alleges that Christopher suffered mental pain. Defendants are correct, and Gunner concedes, that Gunner cannot recover for Christopher's pain and suffering under his negligent hiring, training, and supervision cause of action. However, the Court cannot dismiss this entire cause, because Gunner makes a permissible claim to recover Christopher's medical expenses. FAC ¶ 51. Thus, the motion to dismiss Gunner's third cause of action is denied, but the Court will not consider any claims under this cause for the recovery of damages associated with Christopher's pain and suffering.

### 4. Bane Act

The Bane Act cause of action was brought solely by Estate. FAC at 16. Since Estate's state law claims, including the Bane Act cause of action, are barred under the Government Claims Act, there is no need for the Court to decide this issue.

### III. ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendants' motion to dismiss the state law wrongful death, negligence, assault, battery, intentional infliction of emotional distress, and Bane Act causes of action brought by Estate, Cameron, and Damon. Defendants' motion to dismiss

12

Gunner's wrongful death cause of action is DENIED.  The motion to dismiss Gunner's negligent hiring, training, and supervision cause of action is DENIED.  The case will proceed on Gunner's wrongful death and negligent hiring, training, and supervision causes of action, as well as Plaintiffs' 42 U.S.C. § 1983 cause of action, which Defendants did not move to dismiss.

IT IS SO ORDERED.

Dated: November 17, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE