THERESA A. GOLDNER, COUNTY COUNSEL
STATE OF CALIFORNIA
By: Marshall S. Fontes, Deputy (SBN 139567)
Kathleen S. Rivera. Deputy (SBN 211606)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone 661-868-3800
Fax 661-868-3805

Attorneys for Defendants, County of Kern,
Kern County Sheriff's Department,
Aaron Warmerdam and Jeffrey Kelly

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CHRISTOPHER MCDANIEL, ET AL.,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, ET AL.<br><br>Defendants. | CASE NO. 1:15-cv-01320-JAM-JLT<br><br>STIPULATED PROTECTIVE ORDER FOR DISCOVERY MATTERS |

COME NOW, all Plaintiffs and all Defendants (hereinafter the "Parties") to this matter, and agree and stipulate to a Protective Order, as follows:

1. WHEREAS it is anticipated that Plaintiffs will request portions of the private personnel records of law enforcement members of the Kern County Sheriff's Office ("KCSO"), which qualify as peace officer records under California Penal Code §§ 832.7 and 832.8, and KCSO will be requested to produce the records in discovery;

2. WHEREAS the parties agree that discovery of the private personnel records of law enforcement members of the KCSO may be relevant to this action;

///

3. WHEREAS Defendants are concerned that turning over the KCSO private personnel records without a protective order could result in the violation of the privacy rights of KCSO Deputies including but not limited to those who are parties to this litigation;

4. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Plaintiffs' need for relevant discovery, KCSO's duty as steward of the records, and the privacy rights of the KCSO Deputies including but not limited to those who are parties to this litigation;

5. WHEREAS it is anticipated that Plaintiffs will request portions of the investigation reports, records and evidence, including coroner's records and autopsy photos prepared during the investigation of the underlying incident by law enforcement members of the Kern County Sheriff's Office (hereinafter "investigation records"), and KCSO will be requested to produce the records in discovery;

6. WHEREAS the parties agree that discovery of the investigation records may be relevant to this action;

7. WHEREAS Defendants are concerned that turning over the investigation records without a protective order could result in the violation of the privacy rights of witnesses, Decedent, Plaintiffs and/or KCSO Deputies including, but not limited to, those who are parties to this litigation, and of the investigation privilege;

8. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Plaintiffs' need for relevant discovery, KCSO's duty as steward of the records, and the privacy rights of witnesses, Decedent, Plaintiffs and/or KCSO Deputies including, but not limited to, those who are parties to this litigation;

9. WHEREAS it is anticipated that Defendants may request portions of the private financial, medical and psychological records of Decedent and Plaintiffs, and Plaintiffs may be requested to produce the records in discovery;

10. WHEREAS the parties agree that discovery of the private financial, medical and psychological records of Decedent may be relevant to this action;

2

Stipulated Protective Order for Discovery Matters

11. WHEREAS Plaintiffs are concerned that turning over the private financial, medical and psychological records of Decedent without a protective order may result in the violation of the privacy rights of Plaintiffs;

12. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Defendants' need for relevant discovery of Decedent's private medical and psychological records, and Plaintiffs' desire to prevent unwarranted disclosure of Decedent's medical and psychological records;

13. WHEREAS it is anticipated that Defendants may request portions of the private records of each Plaintiff, and each Plaintiff may be requested to produce the records in discovery;

14. WHEREAS the parties agree that discovery of the private records of Decedent may be relevant to this action;

15. WHEREAS Plaintiffs are concerned that turning over the private records of each Plaintiff without a protective order could result in the violation of the privacy rights of Plaintiffs;

16. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Defendants' need for relevant discovery and each Plaintiff's desire to prevent unwarranted disclosure of their private records;

**SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE TO THE FOLLOWING PROTECTIVE ORDER:**

17. In connection with discovery proceedings in this action, the parties designate the KCSO's personnel records regarding their Deputies including, but not limited to, those who are parties to this litigation, as CONFIDENTIAL.

18. In connection with discovery proceedings in this action, the parties designate the Decedent's financial, medical and psychological records as CONFIDENTIAL.

19. In connection with discovery proceedings in this action, the parties designate the investigation reports, records and evidence prepared during the

investigation of the underlying incident by law enforcement members of the Kern County Sheriff's Office, which is not otherwise available to the public through a public records request, as CONFIDENTIAL.

20. By designating the above matters as CONFIDENTIAL, the Parties certify to the Court that there is a good faith basis both in law and in fact for the designations within the meaning of Federal Rule of Civil Procedure 26(c).

21. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

22. CONFIDENTIAL material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a named party, to which only CONFIDENTIAL material specifically related to the named party shall be disclosed;

(b) experts and/or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

23. CONFIDENTIAL material shall not be provided to the news media directly or indirectly in any form or manner.

24. For purposes of Defendants' initial responses to Plaintiffs' production request, the parties agree that Defendants may exclude [redact] from the production the names, addresses, telephone numbers and other personal contact information of

4

Stipulated Protective Order for Discovery Matters

any non-party Deputy, provided that the identified Deputy is not a first person witness, report writer and/or an investigator of Plaintiffs' complaints.

25. In the event of a disputed factual issue as to the preceding paragraph, and Plaintiffs deem it necessary to discover the identities and personal contact information of a non-party Deputy's information, excluded under the preceding paragraph, Plaintiffs' counsel will notify Defendants' counsels of their intent in writing to seek such personal information. If after five (5) days the parties are unable to reach an agreement on production of the non-party Deputy's information, then Plaintiffs may make an application to the Court for an order to resolve the dispute.

26. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of the discovery process in this action, whether or not such material is also obtained through discovery in this action.

27. If a party wishes to file documents with the Court, which contain material designated as confidential, the party shall comply with Local Rules 140 and 141.

28. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

29. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or in the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

Stipulated Protective Order for Discovery Matters

30. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder;

31. Upon termination of this case, counsel for each Party shall assemble and return to opposing counsel all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

32. Any person, or persons, violating this order shall be subject to sanctions and all attorney's fees and costs associated with any related motion.

Dated: December 15, 2015			LAW OFFICE OF MICHAEL J. CURLS


					By:	  /s/ Nichelle D. Jones              .
						Michael J. Curls, Esq.
						Nichelle D. Jones, Esq.
						Attorneys for Plaintiffs


Dated: December 15, 2015			THERESA A. GOLDNER,
						COUNTY COUNSEL


					By:	  /s/ Kathleen Rivera                 .
						Marshall S. Fontes, Esq.
						Kathleen Rivera, Esq.
						Attorneys for Defendants

Stipulated Protective Order for Discovery Matters

**ORDER**

The parties having stipulated thereto and good cause appearing therefor, IT IS THEREFORE ORDERED.

Dated: 12/15/2015                    /s/ John A. Mendez
                                                   JOHN A. MENDEZ,
                                                   UNITED STATES DISTRICT COURT JUDGE

Stipulated Protective Order for Discovery Matters